## BAKER vs. VON PELT.

*Fourth Judicial District Court, July, 1857.*

### DEMURRER—NEW MATTER.

The demurrer to new matter in an answer should specify the matter objected to, and not leave it to the Court to discover.

It seems the more proper remedy is to move to strike out the defense objected to, or to except to its validity on the trial.

In the complaint in this action the plaintiff avers, that on April 30th,

1856, one N. B. Stone delivered to defendant sundry iron doors and shutters, weighing 30,345 lbs., to be sold on his (Stone's) account, and that at the same time defendant agreed to pay him three cents per lb. for the wares, as fast as they should be sold ; deducting from the amount to be paid for the first sales $157, advanced by Stone to defendants, and $48 for drayage and labor.   That on May 14, 1857, defendant rendered his account of sales to Stone, wherein he stated that he had sold 23,813 lbs., and that there was then due Stone $714$\frac{39}{100}$, less $157 and $48, leaving $509$\frac{39}{100}$.   That on May 15, Stone assigned to H. Baker, the plaintiff in this action, an agreement, referred to in a subsequent portion of the complaint, and the above account of sales.   That on the same day, while the account was in his possession, plaintiffs demanded payment of the $509$\frac{39}{100}$, all or any part of which defendant refused to pay.

Defendant in answer, after denying the first two allegations of the complaint, says that the shutters and doors referred to were delivered to him by Stone, and one Morrison, attorney of G. D. Nagle, upon an agreement between Morrison, Stone, and himself, that he should sell them so as to net three cents per lb. ; and that, after deducting expenses of sale, and all that might be received over that price, he should retain the residue of the proceeds until the final determination of a certain suit then pending in the late Superior Court of the city of San Francisco, in which Nagle was plaintiff, and one Homer defendant, and in which suit the said shutters and doors had been attached as property of Homer ; and that if this suit should be decided in favor of Nagle, then defendant was to pay over the proceeds to him, but if the suit should be decided in favor of Homer, that then Stone should receive them, as Homer's attorney ; and this suit defendant avers is now pending before the Supreme Court, having been carried there on appeal, after a decision in favor of Nagle, in the Superior Court.

The defendant avers some further facts, explaining this suit between Nagle and Homer, and finally denies, for want of information, the allegation of the complaint that Stone has transferred the account therein mentioned to plaintiff in this action, and says that if any such transfer has been made, it is insufficient to entitle plaintiff to maintain this action.

The plaintiff demurs to *that portion* of this answer which contains

new matter, for insufficiency, and contends that the agreement therein set forth between Morrison, Stone, and defendant, and all the facts relating thereto, are insufficient in law to create a defense, on the ground that the same are contrary to public policy, and therefore void; and further states that all the parts of the answer not embraced in a direct denial of the allegations of the complaint, are insufficient to constitute a defense.

*E. D. Sawyer*, for plaintiff.

*A. P. Crittenden*, for defendant.

HAGER, J.—The demurrer is to the new matter set up as a defense by the answer, generally, (without specifying the particular new matter objected to,) on the ground that the defense is contrary to public policy. Strictly, the pleader should have specified the matter objected to, and not have left it to the Court to discover; but I think the more proper remedy would be to move to strike out the defense objected to, or to except to its validity on the trial.